1   Craig S. Summers (SBN 108,688)
    craig.summers@kmob.com
2   Paul A. Stewart (SBN 153,467)
    paul.stewart@kmob.com
3   Perry D. Oldham (SBN 216,016)
    perry.oldham@kmob.com
4   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
    2040 Main Street, 14th Floor
5   Irvine, CA 92614
    Telephone: (949) 760-0404
6   Facsimile:  (949) 760-9502

7   Attorneys for Plaintiff/Counterdefendant
8   **DATCARD SYSTEMS, INC.**

9   Roger R. Wise (SBN 128,262)
    Roger.wise@pillsburylaw.com
10  Evan Finkel (SBN 100,673)
    Evan.finkel@pillsburylaw.com
11  Mark Kendrick (SBN 217,198)
    Mark.kendrick@pillsburylaw.com
12  **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    725 South Figueroa Street, Suite 2800
13  Los Angeles, CA 90017-5406
    Telephone:  (213) 488-7100
14  Facsimile:  (213) 629-1033

15  Attorneys for Defendant/Counterclaimant
    **CODONICS, INC.**
16

17              IN THE UNITED STATES DISTRICT COURT
18          FOR THE CENTRAL DISTRICT OF CALIFORNIA
                        SOUTHERN DIVISION
19

20  DATCARD SYSTEMS, INC., a          )   Civil Action No.
    California corporation,           )   SACV 08-00063 AHS (RNBx)
21                                    )
            Plaintiff,                )
22        v.                          )   **[~~PROPOSED~~] STIPULATED**
                                      )   **PROTECTIVE ORDER**
23  CODONICS, INC., an Ohio           )
    corporation,                      )
24                                    )
            Defendant.                )
25  _____   )
                                      )
26  AND RELATED COUNTERCLAIMS         )
                                      )
27                                    )
28

# STIPULATED PROTECTIVE ORDER

WHEREAS, the parties consider certain information likely to be disclosed during discovery to be confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties mutually desire that a protective order limiting use, access to, and disclosure of such confidential information be entered;

It is hereby AGREED and STIPULATED among the parties and ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.    Any document, deposition testimony, or other information disclosed in this case, or any portion thereof, may be designated as "Confidential" or "Confidential – Outside Counsel Only" by any party or witness if such party or witness reasonably believes in good faith that such material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the information is of the following type:  (a) a trade secret entitled to protection under the Uniform Trade Secrets Act, as adopted in California or Ohio, (b) technical, financial, or marketing information which the disclosing party reasonably believes would cause competitive harm to the disclosing party if it were publicly disclosed, or (c) information which the disclosing party has independently agreed in the ordinary course of business to maintain in confidence for the benefit of a third party, such as source code or other confidential technical information provided by a third party.  No material shall be designated "Confidential" or "Confidential – Outside Counsel Only" if the material has been published, distributed to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-party in confidence.

2.    Information, documents, or other things subject to protection under this Order ("Protected Material") shall be identified as "Confidential" or

- 1 -

"Confidential -- Outside Counsel Only."   The words "Confidential" or "Confidential -- Outside Counsel Only" shall be placed clearly on each page or portion of the Protected Material at the time the Protected Material is produced. If a party through inadvertence produces or provides discovery of any Protected Material without first labeling, marking or designating it as "Confidential" or "Confidential -- Outside Counsel Only," then the producing party may, within ten (10) days after the discovery of the inadvertent production, give written notice to the receiving party or parties that the Protected Material is "Confidential" or "Confidential -- Outside Counsel Only" and should be treated in accordance with the provisions of this Order.  The receiving party or parties must treat such Protected Material in accordance with this Order from the date such notice is received. Disclosure of such Protected Material prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Order; however, those persons to whom disclosure was made shall be promptly advised by the receiving party that the material disclosed was "Confidential" or "Confidential -- Outside Counsel Only" and must be treated in accordance with this Order.

3.     In the event the producing party elects to produce files and records for inspection, and the inspecting party desires to inspect files, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all documents and information within the produced files shall be considered as designated "Confidential -- Outside Counsel Only."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Protected Material with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

/ / /

4.     Protected Material classified as "Confidential" may be disclosed only to the following persons, except upon the prior written consent of the designating party or further order of the Court:

    a. Outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

    b. Officers, employees, and in-house counsel for each party, provided that they are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such persons comply with Paragraph 7 of this Stipulated Protective Order;

    c. Independent experts and consultants, including jury consultants, trial consultants, and graphics and animation specialists (collectively, "experts") retained in this action by the outside attorneys of record, provided that the expert satisfies the conditions set forth in Paragraph 5 of this Protective Order;

    d. A witness during a deposition or at trial who, on the face of the document, is clearly an author or recipient of the document;

    e. Court reporters or videographers who are neither past nor present employees of any party and who are preparing transcripts of testimony of a witness in this case;

    f. Outside vendors who perform scanning, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services and no documents or copies shall be retained; and

    g. This Court and any court to which an appeal in this action might lie.

5.      No expert shall receive Protected Material under Paragraph 4(c) or Paragraph 6 of this Stipulated Protective Order unless and until the conditions set forth in this Paragraph 5 are met.  First, such expert must not be otherwise employed in any capacity by any of the Parties, their affiliates, their predecessors-in-interest, their successors-in-interest, or their counsel.  Second, such expert must be provided with a copy of this Stipulated Protective Order.  Third, such expert must comply with Paragraph 7 of this Stipulated Protective Order.  Fourth, the signed acknowledgement form of Paragraph 7 must be sent to opposing counsel, together with the following information regarding the expert:  name, present employer and title, and a resume or similar description of prior work/employment, all past consulting relationships, all past or present affiliations with any party, and any engagement related to medical image publication.  Fifth, opposing counsel shall have ten (10) calendar days after receipt of the expert's identification and signed acknowledgment to object in good faith, in writing, to disclosure of confidential information on the basis that disclosure of confidential information to the proposed expert would result in material risk of disclosure or misuse of the confidential information, and to request a conference of counsel in accordance with Local Rule 37-1  At such conference of counsel, the parties shall discuss the objections to the proposed disclosure of information and the bases for any Motion for Protective Order contemplated to prevent such disclosure.  Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2.  After the conference of counsel, opposing counsel then shall have ten (10) additional calendar days to serve the objecting party's portion of the Joint Stipulation in support of the Motion for Protective Order.  All further papers relating to the motion for Protective Order shall be filed in accordance with the time frame set forth in Local Rule 37.  Failure to object, to serve the

objecting party's portion of the Joint Stipulation, or file a motion within the time permitted by this Paragraph 5 shall be deemed a waiver of any objection to the expert's access to the information.  If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or the time for serving the objecting party's portion of the Joint Stipulation or filing a motion under this Paragraph has expired.

6.     Certain financial, pricing, cost, licensing, supplier, vendor, marketing, business strategy, sales, customer, engineering, development and technical information that is particularly sensitive and/or of immediate competitive significance may be designated "Confidential -- Outside Counsel Only."  Care shall be taken by the producing party to use the designation "Confidential -- Outside Counsel Only" only where the producing party has a good faith belief that such protection is needed.  Access to all Protected Material that is designated "Confidential -- Outside Counsel Only" shall be limited to only those persons designated in paragraphs 4(a), (c), (d), (e), (f), and (g) above.

7.     Prior to disclosure of Protected Material to any person enumerated in Paragraph 4(b) or (c), the person receiving such Protected Material shall execute the attached Agreement To Be Bound By Protective Order and a copy of such executed Agreement shall be retained by counsel for the receiving party. A copy of the executed Agreement shall be provided to counsel for the producing party within the time frame set forth in Paragraph 5 in the case of disclosure to an expert; and at least five (5) calendar days prior to disclosure of Protected Information in the case of disclosure to a person enumerated in Paragraph 4(b).

8.     Any Protected Material that a party seeks to file with the Court under seal shall be submitted to the Court only as provided by Civil Local Rule 79-5.   In particular, all documents containing non-segregable Protected Materials that are submitted to the Court shall be lodged (not filed) with the

Court in sealed envelopes or other appropriate sealed containers on which shall be placed the title of the litigation, an indication of the nature of the contents of the sealed envelope or other container, and the words "Confidential" or "Confidential -- Outside Counsel Only" as appropriate.  If the Protected Materials are segregable, such as an exhibit or set of exhibits in support of a motion, then only the segregable materials shall be lodged in this matter, with the remaining materials being publicly filed.  The party lodging the Protected Materials shall simultaneously file an application to seal such materials, directed to the judicial officer to whom the underlying papers are directed.  Until the Court rules on whether to seal, the lodged material shall remain under seal.

9.     All notes, extracts, and summaries of Protected Material shall also be considered Protected Material and shall be subject to the terms of this Order. All copies of Protected Material shall be considered Protected Material.

10.    A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential -- Outside Counsel Only" classification at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Any party may request in writing to the party who produced Protected Material that the classification be modified or withdrawn.  If the designating party does not agree to reclassification within ten (10) days of receipt of the written request, the requesting party may apply to the Court for relief by motion. Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2.

11.    Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any information classified as "Confidential" or "Confidential -- Outside Counsel Only" by the other party is in fact confidential information.  In determining whether any such designation is proper, the Court shall be governed by the standards set forth in Fed. R. Civ. P.

26(c) and the case law thereunder.  The burden of proof and persuasion shall be on the party seeking to maintain confidentiality.

12.    Protected Material disclosed through deposition testimony or otherwise at any deposition in this litigation may be designated as "Confidential" or "Confidential -- Outside Counsel Only" by any party or the witness by indicating on the record at the deposition or by written notice to the opposing party and the court reporter within fourteen (14) days of receipt of a transcript thereof.  All transcripts shall be treated as "Confidential – Outside Counsel Only" until expiration of the fourteen (14) day period, unless otherwise agreed by the parties and witness on the record at the deposition or in writing. The court reporter shall designate those portions of the deposition transcripts which are designated on the record as Protected Material with the appropriate "Confidential" or "Confidential -- Outside Counsel Only" legend.  If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such material shall be asked to leave the deposition until such time as the testimony no longer involves disclosure of such material.

13.    This Order shall not bar any attorney identified in paragraph 4(a) above in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein, provided however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another party herein if that disclosure would be contrary to the terms of this Order.

14.    Except as set forth in Paragraph 15 of this Stipulated Protective Order, all Protected Material, including information contained in Protected Material, may be used only for the purposes of the present litigation, including all appeals, and in proceedings to enforce a subpoena in connection with this

litigation.   In all appeals and proceedings to enforce a subpoena, the party relying upon the Protected Material shall use appropriate procedures to ensure that the Court treats the Protected Material as Confidential or Confidential – Outside Counsel Only, in accordance with this Stipulated Protective Order.   At the conclusion of this litigation, by final judgment, settlement, or otherwise, each party shall promptly return to the other party all Protected Material produced, disclosed, or designated by such other party during this litigation. Alternatively, a party may destroy these materials and certify in writing that it has done so.   Notwithstanding the foregoing, outside counsel may retain an archival copy of documents filed with the Court that contain Protected Material, provided such archival copies are maintained in confidence.   Except as provided above, neither party shall retain a copy in any form of Protected Material after the termination of this litigation.   The treatment accorded Protected Material under this Order shall survive the termination of this action.

15.    Any party receiving Protected Material who believes in good faith that disclosure of such material to the United States Patent and Trademark Office (PTO) is required by 37 C.F.R. § 1.56 may disclose such material to the PTO using the confidential disclosure procedures set forth in Sections 724 - 724.06 of the Manual of Patent Examining Procedure.   Any such disclosure shall be accompanied by a Petition to Expunge such Protected Material from the PTO's file in accordance with 37 C.F.R. § 1.59(b) and Section 724.05 of the Manual of Patent Examining Procedure.   At least ten (10) calendar days prior to submission of Protected Material to the PTO, the submitting party shall provide written notice of the planned submission to the producing party.   The producing party may seek relief from this Court to prevent or otherwise restrict disclosure of the Protected Material to the PTO.

16.   Privilege Log - Any privileged communication that occurs solely between all or some of the following individuals does not need to be logged by

the Party on its privilege log:  (a) the Party, (b) its Outside Counsel who has filed an appearance in this matter, and (c) experts and consultants retained by the Party or its counsel specifically for the present litigation. The omission of any such communication from a Party's privilege log will not constitute a waiver of any privilege. The Parties, however, reserve their right to seek a log of any such communication if a Party later reasonably believes that such information would be probative.

17.  Prosecution Bar – Any person subject to this Protective Order who obtains, receives, or otherwise learns of, in whole or in part, technical information designated as Confidential – Outside Counsel Only under this Protective Order shall not thereafter prepare, prosecute, or be directly involved in the preparation or review of any patent application in any way related to or encompassing DICOM CD/DVD publication devices for three years from the disclosure of this technical information.  Without limiting the foregoing, any patent application which claims priority, in whole or in part, from U.S. Patent No.  7,302,164,  and  any  continuations,  continuations-in-part,  reissues, reexaminations or divisionals that derive from U.S. Patent No. 7,302,164 shall be deemed to be "related to DICOM CD/DVD publication devices" for purposes of this Protective Order.  Any person who participated in the prosecution of U.S. Patent No. 7,302,164 should also not receive, obtain, or attempt to learn of, in whole or in part, technical information designated as Confidential – Outside Counsel Only.

18.  Nothing in this Protective Order shall be construed as diminishing, or enlarging, the scope of  any common interest or joint defense privileges under the law, or construed as an acknowledgement or admission that, by agreeing to this Protective Order, DatCard agrees that the common interest privilege and/or joint defense privileges are applicable in any specific circumstances.

/ / /

19.   Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving party shall collect all copies of the documents and return them to the producing party.  This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable laws.

20.   Expert Reports - A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless they contain (1) data or information relied upon by the expert in forming his opinion(s), (2) data or information relevant to the expert's opinion(s) that was considered and not relied upon in forming his opinion(s), or (3) any test data relevant to the expert's opinion generated by or made available to the expert. By way of example only, communications or materials which contain counsel's opinions or mental impressions are exempt from discovery, but data or information communicated by counsel to the expert which is considered or relied upon by the expert in forming his opinion(s) is not exempt from discovery. Communications and/or materials which contain both exempt and non-exempt information may be produced in redacted form so as to disclose only non-exempt information. The expert must produce (1) his final report, and (2) all communications/materials to the extent they contain non-exempt information.

21. In the event that a party seeks discovery from a non-party to this action, either the non-party or the parties may invoke the terms of this Order

- 10 -

with respect to any Protected Material provided to the parties by the non-party by so advising all parties in this suit in writing.  Any non-party that discloses Protected Material under this Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials.

22.    The parties shall, at the close of this litigation, promptly retrieve from the Court all documents and things filed under seal during the course of this litigation and shall return to the other party or parties, or destroy, all Protected Material in accordance with Paragraph 14 of this Order.

23.    Nothing in this Stipulated Protective Order shall restrict a party's use of its own Protected Materials.  Similarly, nothing in this Order shall be deemed in any way to restrict the use of information that is lawfully obtained or publicly available to a party independently of discovery in this action, whether or not such information has also been obtained during the course of discovery in the action.

24.    Execution and entry of this Order shall not prevent a party to the litigation or a non-party under Paragraph 21 from seeking modification of or relief from this Order or from seeking other relief or protective orders as may become appropriate or necessary to efficiently prepare this matter for trial.

25.    Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.


Dated: May 9, 2008            _____

                              The Honorable Robert N. Block
                              United States Magistrate Judge

1  **APPROVED AS TO FORM:**

2

3  Date: _____, 2008   Date: _____, 2008

4

5  _____   _____
   Craig S. Summers                    Roger R. Wise
6  Paul A. Stewart                     Evan Finkel
   Perry D. Oldham                     Mark Kendrick
7  **KNOBBE, MARTENS, OLSON**          **PILLSBURY WINTHROP**
   **& BEAR, LLP**                     **SHAW PITTMAN LLP**
8  2040 Main Street 14th Floor         725 South Figueroa St., Ste 2800
   Irvine, CA 92614                    Los Angeles, CA 90017-5406
9
   Attorneys for Plaintiff,            Attorneys for Defendant,
10 **DATCARD SYSTEMS, INC.**           **CODONICS, INC.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation, | ) Civil Action No. ) SACV 08-00063 AHS (RNBx) |
| Plaintiff, | ) |
| v. | ) **AGREEMENT TO BE BOUND** |
| CODONICS, INC., an Ohio corporation, | ) **BY PROTECTIVE ORDER** ) ) |
| Defendant. | ) ) ) |
| AND RELATED COUNTERCLAIMS | ) ) ) |

1

## <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

2

3      In consideration of the disclosure to me or production by me of certain

4  information which is or, upon production, may be designated as subject to a

5  Protective Order of the Court, I agree as follows:

6         1.    I have read the Protective Order in this case and I agree to be

7               bound by its terms.

8         2.    I understand that if I violate the terms of the Protective Order, I

9               may be subject to a contempt of court proceeding.

10        3.    I agree to submit to the jurisdiction of the Court for the purpose of

11              enforcement of this Protective Order.

12

13      Dated: _____

14

15      _____
                        (Signature)

16      _____
                        (Print Name)

17      _____
                        (Address)

18      _____
                        (Address)

19

20

21

22

23

24

25

26

27

28      5243820
        050608