Craig S. Summers (SBN 108,688)
craig.summers@kmob.com
Paul A. Stewart (SBN 153,467)
paul.stewart@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**DATCARD SYSTEMS, INC.**

Roger R. Wise (SBN 128,262)
Roger.wise@pillsburylaw.com
Evan Finkel (SBN 100,673)
Evan.finkel@pillsburylaw.com
Mark Kendrick (SBN 217,198)
Mark.kendrick@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant/Counterclaimant
**CODONICS, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>CODONICS, INC., an Ohio corporation,<br><br>      Defendant.<br>_____<br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>SACV 08-00063 AHS (RNBx)<br><br>**PERMANENT INJUNCTION BY CONSENT** |

Plaintiff DatCard Systems, Inc. ("DatCard") and Defendant Codonics, Inc. ("Codonics"), through their respective counsel of record, hereby stipulate to the final resolution of this matter as follows:

WHEREAS, on January 18, 2008, DatCard filed its Complaint in this action against Codonics, alleging infringement of U.S. Patent No. 7,302,164, entitled "System and Method for Producing Medical Image Data Onto Portable Digital Recording Media" ("the '164 Patent");

WHEREAS, during discovery, DatCard indicated that it is alleging infringement of Claims 9, 12, 13, 15, 16, 17, 19, and 21 of the '164 Patent ("the Asserted Claims");

WHEREAS, on March 4, 2008, Codonics filed its Answer in this action, denying DatCard's allegations of infringement and asserting affirmative defenses;

WHEREAS, the parties have entered into a confidential written settlement agreement, resolving their disputes in this action and certain other actions, and have agreed therein to entry of this Permanent Injunction by Consent;

THE COURT HEREBY ORDERS:

1.     This Court has jurisdiction over the subject matter of this action and personal jurisdiction over Codonics in this action.  Venue is proper in this Judicial District.

2.     Subject to the exceptions set forth herein, Codonics, its parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Permanent Injunction are permanently enjoined from making, using in any clinical applications in the United States, using concurrently at more than five (5) facilities in the United States outside of Codonics' own facilities, selling, offering to sell, or distributing within the United States, or

importing into the United States, all existing models of Codonics' Virtua medical disc publisher, including without limitation the Virtua, the Virtua XR and the Virtua E products illustrated in the brochures attached hereto as Exhibits A, B, and C, respectively.  This injunction shall extend to all such products regardless of the name under which the product is sold, as well as to any product which merely differs from any of these products in a manner that does not raise any substantial new issues of infringement that were not raised in the infringement contentions in this case.  These products shall be referenced herein collectively as the "Virtua Products."   Nothing in this injunction limits Codonics' ability to make, use, sell, offer for sale, distribute or import any products that are not Virtua Products.

3.      This injunction shall take effect on March 5, 2010, at 5:00 p.m. Eastern time, and shall have no effect prior to that date and time.   This injunction shall remain in effect until August 20, 2023 (the current expiration of the '164 Patent), or until the '164 Patent and all other DatCard patents that cover any Virtua Products lapse due to failure to pay maintenance fees, whichever is earlier, unless earlier dissolved in accordance with Paragraph 6 below.

4.      Regardless of any other provision of this Permanent Injunction, nothing in this Permanent Injunction shall preclude Codonics from engaging in the following activities:

a.      After March 5, 2010, Codonics may manufacture and ship Virtua Products within the United States to satisfy orders for Virtua Products that have been placed by Codonics' customers and accepted by Codonics by 5:00 p.m. Eastern time on March 5, 2010; provided that the taking of orders and the manufacturing and shipping of such Virtua Products is conducted by Codonics in the normal course of its business. These manufacturing and shipping activities may continue until all such orders are filled, but in no event later than June 20, 2010.

- 2 -

b. Codonics may make, sell, and offer to sell in the United States, and import into the United States, Virtua Products that do not have the ability to record onto a storage medium any viewing software, any instructions for obtaining viewing software, or any software code that retrieves viewing software.  Codonics shall not directly or indirectly provide its customers or users of such Virtua Products with any software key, access code, or other device to enable the customer or user to provide such Virtua Products with the ability to record onto a storage medium any viewing software, any instructions for obtaining viewing software, or any software code that retrieves viewing software.  Further, Codonics shall not directly or indirectly instruct, encourage, or otherwise induce its customers or users of such Virtua Products to record viewing software on a data storage medium used in conjunction with such Virtua Products.  In addition, Codonics shall not directly or indirectly instruct, encourage, enable, or otherwise induce purchasers or users of such Virtua Products to use with those Virtua Products a data storage medium that includes a viewer.  Nothing herein shall preclude Codonics from informing customers or potential customers that the Virtua Product for sale in the United States lacks a viewer.

c. Codonics may manufacture the Virtua Products within the United States, provided that:  (1) each such unit is sold by Codonics only outside the United States, and (2) Codonics informs the purchaser of each such unit in writing that the product is for use only outside the United States, and may not be used or sold in the United States, or sent into the United States for any purpose except repair, as set forth in Paragraph 4(d) below.  Such written notice shall be in a form calculated to provide clear actual notice of this restriction to the purchaser.  No inadvertent failure by Codonics to comply with the provisions of this Paragraph 4(c) shall

- 3 -

constitute contempt.  Codonics may market Virtua Products in the United States at trade shows, on Codonics' website, or through communications originating in the United States and directed to customers outside of the United States, for sale outside of the United States.  However, all marketing materials for Virtua Products having a viewer, including all pages of Codonics' website promoting such Virtua Products, shall clearly state that the Virtua Products are not available for purchase or use in the United States.

d.      Codonics may repair within the United States all Virtua Products sold outside of the United States at any time, sold in the United States before this Permanent Injunction takes effect, or sold consistent with the terms of this Permanent Injunction.  To facilitate repairs of Virtua Products that reside outside the United States, Codonics may import those units into the United States for the limited purpose of completing the repair of that unit or determining that a repair is not practical.

e.      DatCard does not object to and hereby consents to Codonics' manufacture, use, sale and offer for sale of the Virtua Products outside the United States.

f.      In the event that Codonics receives from a customer a request to repair a Virtua Product that was first sold by Codonics no more than 7 years prior to the request, this Permanent Injunction shall not preclude Codonics from satisfying the request by shipping a used or refurbished Virtua Product to the customer in lieu of repairing the customer's Virtua Product.  Codonics shall provide a written report to DatCard specifying the number of used or refurbished Virtua Products provided to such customers in the United States.  The written report shall be provided on an annual basis, with the first report for 2010 being provided by January 31, 2011, and all remaining reports being provided

by January 31 of the following year.  Codonics shall continue to provide these reports until it stops providing customers in the United States with used or refurbished Virtua Products under this Subparagraph 4(f).

5.      Codonics shall not induce others to engage in any activities prohibited by this Permanent Injunction.

6.      The '164 Patent is currently subject to a reexamination proceeding in the United States Patent and Trademark Office ("PTO"), Reexamination No. 90/009,347 ("the Reexamination").   If the PTO issues no Reexamination Certificate in the Reexamination, or issues a Reexamination Certificate which cancels or includes a substantive amendment to all of the Asserted Claims, or if there is a final decision with no further right of appeal by a court of competent jurisdiction that all of the Asserted Claims are invalid, then the parties shall jointly submit to the Court a stipulated motion to dissolve this Permanent Injunction, and the Court will dissolve this Permanent Injunction.  If DatCard fails to join the motion, Codonics may file a motion requesting that this Permanent Injunction be dissolved.  As used in this Paragraph 6, an amendment to a claim is a "substantive amendment" if and only if the amended claim is not "substantially identical" to the original claim within the meaning of 35 U.S.C. § 252, made applicable to reexaminations by 35 U.S.C. § 307(b).

7.      Within five (5) calendar days of the entry of this Permanent Injunction, DatCard and Codonics shall jointly file a stipulation pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, dismissing this action without   prejudice.   Pursuant to the confidential written settlement agreement between the parties, a joint stipulation dismissing this action with prejudice will be filed by the parties at a later date.   This Court retains jurisdiction to enforce or dissolve this Permanent Injunction and to accept the filing of the joint stipulation dismissing this action with prejudice.

/ / /

8.     DatCard and Codonics affirmatively waive any and all rights to appeal this Permanent Injunction.


Dated: January 21, 2010

## ALICEMARIE H. STOTLER

The Honorable Alicemarie H. Stotler
United States District Court Judge

**APPROVED AS TO FORM AND SUBSTANCE:**


Date:  _____, 2010      Date:  _____, 2010


_____          _____
Craig S. Summers                          Roger R. Wise
Paul A. Stewart                           Evan Finkel
Perry D. Oldham                           Mark Kendrick
**KNOBBE, MARTENS, OLSON**                **PILLSBURY WINTHROP**
**& BEAR, LLP**                           **SHAW PITTMAN LLP**
2040 Main Street 14th Floor               725 South Figueroa St., Ste 2800
Irvine, CA 92614                          Los Angeles, CA  90017-5406

Attorneys for Plaintiff,                  Attorneys for Defendant,
**DATCARD SYSTEMS, INC.**                 **CODONICS, INC.**